Footman v D'Onofrio Gen. Contrs. Corp. (2023 NY Slip Op 01956)

Footman v D'Onofrio Gen. Contrs. Corp.

2023 NY Slip Op 01956

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 156910/21 Appeal No. 66 Case No. 2022-00657 

[*1]Eric Footman, Plaintiff-Appellant,
v
D'Onofrio General Contractors Corp., Defendant-Respondent, Sunset Park General Contractors, LLC, Defendant.

Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for appellant.
Abrams Fensterman, LLP, Brooklyn (Adam M. Birnbaum of counsel), for respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about January 10, 2022, which granted defendant D'Onofrio General Contractors Corp.'s (D'Onofrio) motion to dismiss the complaint as against it, unanimously reversed, on the law, the motion denied, with costs, and the complaint reinstated as against D'Onofrio.
In this action to recover payment of prevailing wages, D'Onofrio's motion to dismiss the complaint against it should have been denied. An employment relationship is not required in order to pursue a third-party beneficiary claim for prevailing wages (see Wroble v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C., 166 AD3d 520 [1st Dept 2018]). Indeed, "a subcontractor's employees have . . . a third-party right to make a breach of contract claim for underpayment against the general contractor" (Wroble, 166 AD3d at 521). This principle directly applies here, in which a worker (plaintiff and the putative class members) employed by a subcontractor (defendant Sunset Park General Contractors, LLC) may pursue claims for prevailing wages against the general contractor (D'Onofrio) as the signatory to prevailing wage contracts (see id.). The affidavits submitted by D'Onofrio confirm that Sunset contracted with D'Onofrio and was thus D'Onofrio's subcontractor on certain projects.
Plaintiff has also alleged sufficient facts to support alter ego and/or joint employer theories of liability at this early stage of the litigation (see Matter of Zurita v New York State Dept. of Labor, 175 AD3d 1182, 1183 [1st Dept 2019]; Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]). In any event, joint employer and alter ego allegations in the complaint were secondary, and largely immaterial to the breach of contract claim against D'Onofrio.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023